ORIGINAL

1983 FORM Rev. 01/2008

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 2 2022

at 3 o'clock and 30 min. P M
John A. Mannle, Clerk   LS

CC: JMS (FILED

Justin Agustin Reg: 08429-122
Name and Prisoner/Booking Number

USP Atwater
Place of Confinement

P.O. Box 019001
Mailing Address

Atwater, California 95301
City, State, Zip Code

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

JUSTIN E. AGUSTIN

(Full Name of Plaintiff)

Case No. 2:22-CV-00440-JPD

(To be supplied by the Clerk)

VS.

UNITED STATES OF AMERICA

FEDERAL BUREAU OF PRISONS

CORRECTIONAL OFFICER SALAZAR

(Full Names of Defendants; DO NOT USE *et al.*)

## PRISONER CIVIL RIGHTS COMPLAINT

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint
X Third Amended Complaint, with Leave Granted

## A. JURISDICTION

1.  Jurisdiction is invoked pursuant to:

    a. ☐ 28 U.S.C. § 1343(a)(3) ; 42 U.S.C. § 1983
    b. ☒ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
    c. ☒ Other: (Please Specify)  28 U.S.C. §1346(b)(1) and/or §§267-80 Federal Tort Claims Act;
       28 U.S.C. §1332.

2.  Plaintiff:  Justin E. Agustin

    Institution/city where violation occurred:  Federal Detention Center - Honolulu ("FDC Honolulu")

3.  First Defendant *:  Federal Bureau of Prisons, a United States federal law enforcement agency.  As
    such, the United States of America may be substituted as a Defendant.
    This defendant is a citizen of (state and county)  n/a _____  _____,
    and is employed as:

    _____ at _____.
    (Position and Title)                    (Institution)
    This defendant is sued in his/her ___ individual  x  official capacity (check one or both).  Explain how

1

Received By Mail
Date DEC 2 2 2022

Mailed On
Date DEC 2 7 2022

1983 FORM  Rev. 01/2008

this defendant was acting under color of law:

The Federal Bureau of Prisons ("BOP") is responsible for the administration of the Federal Prison system - under the supervision of the Department of Justice.

4.  Second Defendant: United States of America ("United States") is a properly substituted defendant for BOP, as it relates to all official capacity claims & the third defendant identified in question 5.

This defendant is a citizen of (state and county) ___n/a_____

_____, and is employed as:

_____ at _____
(Position and Title)                                              (Institution)

This defendant is sued in his/her ___ individual _x_ official capacity (check one or both).  Explain how this defendant was acting under color of law:

The United States is a properly substituted defendant for all official capacity claims relating to defendant BOP & the third defendant identified in question 5.

5.  Third Defendant: Correctional Officer Salazar ("Officer Salazar). The full name of Officer Salazar is unknown to the Plaintiff but will be fully identified through the course of discovery. Officer Salazar was, at all relevant times, an employee of the BOP and assigned to FDC Honolulu.

This defendant is a citizen of (state and county) __Unknown at this time. Last known state of residence was Hawaii_____, and is employed as:

__Correctional Officer_____ at _FDC Honolulu_____
(Position and Title)                                              (Institution)

This defendant is sued in his/her _x_ individual _x_ official capacity (check one or both).  Explain how this defendant was acting under color of law:

At all relevant times Officer Salazar was employed as a correctional officer within the BOP and assigned to the housing unit/cell/pod/dormitory etc. at FDC Honolulu where the Plaintiff was housed.

(If you would like to name additional defendants, make a copy of this (blank) page and provide the necessary information.)

*       A defendant may be named in an individual or official capacity, or both.  To sue a defendant in their **individual capacity**, you must be able to state facts showing that the defendant was actually involved in violating your rights.  A suit against a defendant in their **official capacity** is in reality a suit against the office or position the defendant holds.  Only injunctive relief is available in an official capacity suit against a state official.  This is because the **Eleventh Amendment** confers immunity upon the state or its officials against monetary damages resulting from federal court litigation.

"Color of law" refers to whether the person is a private party or an employee, official, or agent of a state, county, city, or the federal government.  There can be no civil rights action under § 1983 unless the defendant was "acting under color of law."  After the color of law requirement is met, then it must be determined in which capacity the defendant is being sued.

2

1983 FORM Rev. 01/2008

## B. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits while a prisoner:  ☐ Yes  ☒ No

2. If your answer is yes, how many?: _____ Describe the lawsuit in the spaces below.

3. First previous lawsuit:

   a.  Plaintiff _____

       Defendants _____

   b.  Court and Case Number (if federal court, identify the district; if state court, identify the county):

       _____

   c.  Claims raised: _____

   d.  Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

       _____

   e.  Approximate date of filing lawsuit _____

   f.  Approximate date of disposition _____

4. Second previous lawsuit:

   a.  Plaintiff _____

       Defendants _____

   b.  Court and Case Number (if federal court, identify the district; if state court, identify the county):

       _____

   c.  Claims raised: _____

   d.  Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

       _____

   e.  Approximate date of filing lawsuit _____

   f.  Approximate date of disposition _____

1983 FORM Rev. 01/2008

5. Third previous lawsuit:

    a.    Plaintiff _____

            Defendants _____

    b.    Court and Case Number (if federal court, identify the district; if state sourt, identify the county):

            _____

    c.    Claims raised: _____

    d.    Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)

            _____

    e.    Approximate date of filing lawsuit _____

    f.    Approximate date of disposition _____

(If you have filed more than three lawsuits, make a copy of this (blank) page and provide the necessary information.)

6.    Have you filed any actions in federal court that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted? ___Yes ___No.

**If you have had three or more previous federal actions dismissed for any of the reasons stated above, you may not bring another civil action in forma pauperis unless you are under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).**

4

1983 FORM Rev. 01/2008

## C. CAUSE OF ACTION

## COUNT I

1. The following constitutional or other federal civil right has been violated by the Defendant(s):
FTCA Claim against Defendant United States for assault and battery as authorized under the laws,

standards and customs of the State of Hawaii.

2. Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)   ☐Mail   ☐ Access to the court   ☐Medical care

☐ Disciplinary proceedings   ☐Property   ☐ Exercise of religion   ☐Retaliation

☐ Excessive force by an officer   ☐Threat to safety   ☑Other: Assault and Battery

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

**Supporting Facts:** On or about September 8, 2018, Officer Salazar entered the cell of the

Plaintiff, Justin E. Agustin ("Agustin"), and without provocation punched and assaulted him causing

injury. Based upon Agustin's recollection: 1) Officer Salazar punched him at or near his chin and jaw

several times; 2) forcible held his neck against a metal desk located inside his cell; and 3) placed one hand

inside of the back of his pants touching his buttocks in a suggestive and/or sexual manner (generally

referred to herein as "The Assault"). During The Assault Officer Salazar told Agustin that "I have people

in the mainland, you are going to get stabbed up and your ass fucked". Following The Assault, Agustin

recall's Officer Salazar telling him that he "gave your peoples information to Adam you rat bitch". Based

upon Agustin's informed belief, the "Adam" that Officer Salazar referenced is Adam Bogema ("Bogema").

At the time, Bogema was also an inmate at FDC Honolulu. *SEE CONTINUATION SECTION 1.*

4. Injury: (State how you have been injured by Defendant(s)' actions or inactions.
As a direct and proximate cause of The Assault as described herein, which constitutes assault and

battery as defined under the laws, standards and customs of the State of Hawaii, Officer Salazar caused

damage and/or injury to Agustin, including physical trauma, pain and suffering, psychological trauma,

emotional (*SEE CONTINUATION SECTION 2)*

5

1983 FORM Rev. 01/2008

## COUNT II

1.     The following constitutional or other federal civil right has been violated by the Defendant(s):
FTCA Claim against Defendant United States for violations of Section I, Article 12 of the Hawaii

Constitution, when they failed to Protect the Plaintiff and as a result subjected him to cruel and unusal
punishment.

2.  Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should

be stated in a different count)        ☐Mail        ☐ Access to the court        ☐Medical care

☐ Disciplinary proceedings        ☐Property        ☐ Exercise of religion        ☐Retaliation

☐ Excessive force by an officer        ☐Threat to safety        ☒Other: Failure to protect leading to cruel
                                                                        and unusual punishment.

3. **Supporting Facts:**(State as briefly as possible the FACTS supporting Count II, without citing legal
authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

        Agustin incorporates, as if fully restated herein the allegations/claims set forth in the Supporting

Facts Section of Count 1 and further states as follows:

        **Supporting Facts:**   Based upon Agustin's informed belief, the FDC Honolulu has security

cameras throughout the facility to monitor for any security concerns.  Additionally, based upon Agustin's

informed belief, it is the policy and practice of the BOP to have thier employees request assistance from

other available officers if they feel an inmate is causing a security threat of any kind.  Despite this, at no

point prior to, during, or after The Assault did Officer Salazar or any other BOP employee - who may

have been monitoring the security cameras, come to provide assistance.  This is the case because Officer

Salazar singled out Agustin to subject him to a merciless attack - aimed at causing him undue pain and

suffering.  Based upon Agustin's informed belief,Officer Salazar did this as a result of his cooperation

with law enforcement and Officer Salazar's belief that Agustin had participated in the robbery of one of
his friends at "Halawa Housing". *SEE CONTINUATION SECTION 3*

4.     Injury: (State how you have been injured by Defendant(s)' actions or inactions.
        As a direct and proximate cause and consequence of the acts, actions and/or omissions of the

United States, either directly or indirectly through their employee's and/or agencies, Agustin suffered

physical trauma, pain and suffering, psychological trauma, emotional distress. *SEE CONTINUATION
SECTION 4*

6

1983 FORM Rev. 01/2008

## COUNT III

1.      The following constitutional or other federal civil right has been violated by the Defendant(s): FTCA Claim against Defendant United States for violations of Article I, Section's 5 & 12 of the Hawaii

 Constitution, for deliberate indifference relating to a failure to train, supervise and/or discipline.

2.   Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should

be stated in a different count)    ☐Mail        ☐ Access to the court    ☐Medical care

☐ Disciplinary proceedings    ☐Property    ☐ Exercise of religion    ☐Retaliation

☐ Excessive force by an officer    ☐Threat to safety    ☒Other: Failure to train, supervise and/or discipline.

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

Agustin incorporates, as if fully restated herein the allegations/claims set forth in the Supporting

Facts Section of Count's 1 & 2 and further states as follows:

**Supporting Facts:** Following The Assault, Officer Salazar despite observing clear and obvious

physical injuries to Agustin, injuries that included bruising, swelling, and bleeding, made no effort to arrange medical care or provide aide of any kind. Officer Salazar's failure to render and/or arrange care resulted in Agustin suffering needlessly. When he was

permitted to safely leave his cell - Agustin contacted Lieutenant Soles ("Lt. Soles") to discuss what had

occurred. The full name, and exact spelling of Lt. Soles' last name, is unknown to Agustin at this time -

but will become known through the course of discovery. Based upon Agustin's informed belief, Lt. Soles

was at all relevant times assigned as the Lieutenant within FDC Honolulu's Special Investigative Agent

operations ("SIS"). Further, it is Agustin's informed understanding that the role of an SIS lieutenant is to

oversee institution based claims of misconduct by both inmates and staff - and when appropriate refer their
*(SEE CONTINUATION SECTION 5)*

4.      Injury: (State how you have been injured by Defendant(s)' actions or inactions.
As a direct and proximate cause and consequence of the acts, actions and/or omissions of the

United States, either directly or indirectly through their employee's and/or agencies, Agustin Suffered

physical trauma, pain and suffering, psychological trauma, emotional distress. *SEE CONTINUATION*

(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)
*SECTION 6*

7

1983 FORM Rev. 01/2008

## COUNT IV ~~III~~ X

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): FTCA Claim against Defendant United States for negligence and/or negligence per se as defined under the laws, standards and customs of the State of Hawaii

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)    ☐Mail    ☐ Access to the court    ☐Medical care    ☐ Disciplinary proceedings    ☐Property    ☐ Exercise of religion    ☐Retaliation    ☐ Excessive force by an officer    ☐Threat to safety    ☒Other: Negligence and/or negligence per se

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

Agustin incorporates, as if fully restated herein the allegations/claims set forth in the Supporting Facts Section of Count's 1, 2, and 3 and further states as follows:

**Applicable Legal Authority / Statement of Claim:** Because FDC Honolulu is situated within the geographical boundaries of the State of Hawaii and because all of the acts, actions, and/or omissions occurred therein – Hawaii law is controlling.

The BOP as an agency of the United States, may be sued under the FTCA, as if it were a private person and/or entity, for violation of laws of the State of Hawaii. See: 28 U.S.C. §1346(b).

The United States is properly substituted as the defendant in place of the BOP and Officer Salazar pursuant to 28 U.S.C. §2679(d)(1).

BOP Program Statement 1320.06, dated April 1, 2003, provides that: "Appropriate compensation will be made under the Federal Tort Claims Act if individuals suffer proven monetary loss, personal *(SEE CONTINUATION SECTION 7)*

4.    Injury: (State how you have been injured by Defendant(s)' actions or inactions. As a direct and proximate cause and consequence of the acts, actions and/or omission of the United States either directly or indirectly through their employee's and/or agencies, Agustin suffered physical trauma, pain and suffering, psychological trauma, emotional distress. *SEE CONTINUATION SECTION 8*

(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)

8

X

1983 FORM Rev. 01/2008

# COUNT III
## V

1.     The following constitutional or other federal civil right has been violated by the Defendant(s):
FTCA Claim against Defendant United States for failing to provide adequate protection as required under

Article I, Section 8 of the Hawaii Constitution.

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should

be stated in a different count)     ☐Mail     ☐ Access to the court     ☐Medical care

☐ Disciplinary proceedings     ☐Property     ☐ Exercise of religion     ☐Retaliation

☐ Excessive force by an officer     ☐Threat to safety     ☒Other:  Failure to protect

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III, without citing legal
authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)
        Agustin incorporates, as if fully restated herein the allegations/claims set forth in the Supporting

Facts Section of Counts 1, 2, 3, and 4 and further states as follows:

        **Applicable Legal Authority / Statement of Claim:** Because FDC Honolulu is situated within the

geographical boundaries of the State of Hawaii and because all of the acts, actions, and/or omissions

occurred therein – Hawaii law is controlling.

        The BOP as an agency of the United States, may be sued under the FTCA, as if it were a private

person and/or entity, for violation of laws of the State of Hawaii. See: 28 U.S.C. §1346(b).

        The United States is properly substituted as the defendant in place of the BOP and Officer Salazar

pursuant to 28 U.S.C. §2679(d)(1).

        BOP Program Statement 1320.06, dated April 1, 2003, provides that: "Appropriate compensation

will be made under the Federal Tort Claims Act if individuals suffer proven monetary loss, personal
(SEE CONTINUATION SECTION 9)

4.     Injury: (State how you have been injured by Defendant(s)' actions or inactions.
 As a direct and proximate cause and consequence of the acts, actions and/or omission of the United

 States either directly or indirectly through their employee's and/or agencies, Agustin suffered physical

 trauma, pain and suffering, psychological trauma, emotional distress. SEE CONTINUATION SECTION
(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)

9
XX

1983 FORM Rev. 01/2008

# VI
## COUNT IIIx

1.     The following constitutional or other federal civil right has been violated by the Defendant(s): _Bivens_ Action against Defendant Officer Salazar for violating Plaintiff's Constitutional protections as set

forth in the Eighth Amendment to the United States Constitution

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)   ☐Mail   ☐ Access to the court   ☐Medical care

☐ Disciplinary proceedings   ☐Property   ☐ Exercise of religion   ☐Retaliation

☒ Excessive force by an officer   ☐Threat to safety   ☐Other:_____

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

Agustin incorporates, as if fully restated herein the allegations/claims set forth in the Supporting

Facts Section of Count's 1, 2, 3, 4, 5 and further states as follows:

**Applicable Legal Authority / Statement of Claim:** As it relates to this Count, Officer Salazar is

being sued in his individual capacity.

Prior to bringing this action Agustin exhausted all available administrative remedies. In his

exhausted remedies, Agustin explained in detail what Officer Salazar had done to him during The Assault.

Agustin further explained that he believed that Officer Salazar, by placing his hands on his buttocks and

making the statement he did, that a violation of the protections afforded under the Prison Rape Elimination

Act had occurred.

When Officer Salazar committed The Assault, he did so with no justification or purpose other then

to violate Agustin's Constitutional protections. Specifically, those afforded under the Eighth Amendment to the United States Constitution. *SEE CONTINUATION SECTION 11.*

4.     Injury: (State how you have been injured by Defendant(s)' actions or inactions. As a direct and proximate case of The Assault as described herein, which constitutes a violation of

the protections afforded Agustin under the Eighth Amendment to the United States Constitution, Officer

Salazar caused damage and/or injury to Agustin, including physical trauma, pain and suffering. *(SEE*

(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)

*CONTINUATION SECTION 12)*

10

XX

1983 FORM Rev. 01/2008

## VII

## COUNT III x

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):
FTCA Claim Against Defendant United States for Invasion of Privacy as defined under the laws, standards

and customs of the State of Ohio; and, a *Bivens* claim against Officer Salazar in his individual capacity for a violation of Plaintiff's Fourth Amendment right to Privacy.

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should

be stated in a different count)    ☐Mail    ☐ Access to the court    ☐Medical care

☐ Disciplinary proceedings    ☐Property    ☐ Exercise of religion    ☐Retaliation

☐ Excessive force by an officer    ☐Threat to safety    ☒Other:  Invasion of Privacy

3. **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III, without citing legal authority or arguments. Describe exactly what each Defendant did or did not do to violate your rights.)

Agustin incorporates, as if fully restated herein the allegations/claims set forth in the Supporting

Facts Section of Count's 1, 2, 3, 4, 5, 6 and further states as follows:

**Supporting Facts:** By virtue of his employment with the BOP, Officer Salazar had access to

private personal information of Agustin.  Specifically, the direct contact information for Agustin's family

and private non-public information relating to his criminal prosecution - including the private information

contained in the Pre-Sentence Report prepared by the Office of Probation and Parole, prior to sentencing.

This private information was not located on Agustin's person or in his cell - but rather on computers and in

files owned controlled, and operated by the BOP.  While there may be a legitimate law enforcement

purpose for the BOP having this information; there was no legitimate purpose for Officer Salazar to access

this information and then threaten to and/or actually disclose it to others - in an effort to harass, intimidate,

and/or embarrass Agustin. *SEE CONTINUATION SECTION 13*

4.    Injury: (State how you have been injured by Defendant(s)' actions or inactions.
As a direct and proximate cause and consequence of the acts, actions and/or omissions of the

United States, either directly or indirectly through their employee's and/or agencies; and/or the acts, actions

and/or omissions of Officer Salazar - Agustin's personal non-public (*SEE CONTINUATION 14*).

(If you assert more than three Counts, make a copy of this (blank) page and provide the necessary information.)

1983 FORM Rev. 01/2008

## D. REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

Judgment against Defendant United States and/or Defendant Officer Salazar on one or more of the Counts asserted herein; an award of actual and compensatory damages against Defendant United States; an award of actual and compensatory damages against Defendant Office Salazar; an award of punitive damages against Defendant United States for their wrongful, oppressive, and/or malicious actions; an award of punitive damages against Defendant Officer Salazar for his wrongful, oppressive, and/or malicious actions; all reasonable costs and expenses; and any and all other relief the Court deems just and equitable.

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. See 28 U.S.C. § 1746 and 18 U.S.C. §1621.

Signed this __17__ day of __December__, __2022__.
                              (month)              (year)

_Justin E. Agustin_
(Signature of Plaintiff)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If needed, you may attach no more than **fifteen (15) additional pages**. Number these pages in relation to the final page number of the section that is being extended (i.e. additional defendants' pages should be numbered "2A, 2B, etc.," additional previous lawsuits' pages "4A, 4B, etc.," additional claims should be numbered "7A, 7B, etc." This form, however, must be completely filled in to the extent applicable.

## Continuation Section 1

Based upon Agustin's informed belief, Bogeman believed that Agustin had assisted law enforcement in their case against him. Based upon Agustin's reasonable information and belief, Officer Salazar only had access to the personal family information, that he threatened to and likely did give to Bogeman, as a result of his employment with the BOP.

In a recent Court filing, Judge Seabright commented that Bogeman had a "long and troubling" criminal history, with many violent offenses. See: *United States v. Bogeman*, No. 16-00451 (D. Haw. Oct. 20, 2020). Agustin had a realistic fear that, once Officer Salazar provided Bogeman with his family information, Bogeman would cause them significant harm in retaliation for him assisting law enforcement. As Officer Salazar left the cell, Agustin recalls him high-fiving another inmate and telling him "fuck this dude". Agustin presumes the statement was about him.

Agustin recalls that in the hours before The Assault, Officer Salazar approached him and accused him of cooperating with law enforcement in their investigation of others, namely Bogeman. Thereafter, Officer Salazar demanded to know if Agustin was aware of any active investigations by the Drug Enforcement Administration into "Halawa Housing". Based upon Agustin's informed belief, Officer Salazar's reference to "Halawa Housing" meant the Halawa Housing complex located in Honolulu, Hawaii. Officer Salazar further accused Agustin of robbing an acquittance of his, from "Halawa Housing", at gun point.

Based upon Agustin's informed belief, at the time of The Assault, Officer Salazar was employed as a corrections officer within the BOP and assigned as the unit officer within the unit where his cell was located.

As the unit officer, it is Agustin's informed belief that Officer Salazar's main role and responsibility was to maintain the safety and security of his assigned unit. It is Agustin's informed belief that prior to being assigned as a unit officer, BOP requires its employees to undergo training. As but for Officer Salazar's status, as a BOP employee assigned to his housing unit, he would have never had access to Agustin's cell.

**Applicable Legal Authority / Statement of Claim:**

Because FDC Honolulu is situated within the geographical boundaries of the State of Hawaii and because all of the acts, actions, and/or omissions occurred therein – Hawaii law is controlling.

The BOP as an agency of the United States, may be sued under the FTCA, as if it were a private person and/or entity, for violation of laws of the State of Hawaii. See: *28 U.S.C. §1346(b)*.

The United States is properly substituted as the defendant in place of the BOP and Officer Salazar pursuant to 28 U.S.C. §2679(d)(1).

BOP Program Statement 1320.06, dated April 1, 2003, provides that: "Appropriate compensation will be made under the Federal Tort Claims Act if individuals suffer proven monetary loss, personal injury, or wrongful death caused by an employee's negligent or wrongful act or omission, while the employee is acting within the scope of his or her employment." See: *United States Department of Justice, Program Statement, Federal Tort Claims Act, 1302.06, last revised August 1, 2003.*

Officer Salazar, at all relevant times, was acting within the scope of his employment with the BOP. As such, the United States is properly substituted as the defendant in place of Salazar.

Prior to bringing this action, Agustin administratively exhausted his FTCA claims against the BOP and received a final denial dated September 23, 2021 but not mailed until September 28, 2021. Agustin brought this action within six months of receiving the BOP's final denial. In his administrative FTCA request, Agustin requested compensation from the United States, in part, because of the negligent and/or wrongful acts of their employee Officer Salazar which caused him an injury greater than that which is *de minimis*.

Officer Salazar, during The Assault, acting within the course and scope of his employment with the BOP, engaged in the intentional assault and battery of Agustin without any legal justification or provocation.

## Continuation Section 2

distress. The physical injuries include but are not necessarily limited to: 1) bruising to the face and chin; 2) swelling in and around the neck; 3) severe headaches occurring in the time since The Assault; 4) back pain occurring in the time since The Assault; and 5) moderate nerve damage occurring to the right side of body from neck down to lower back.

As a result of the assault and battery, as described herein and as defined under Hawaii law, Agustin is entitled to receive compensatory and/or exemplary damages, against the United States – as authorized under the FTCA, in an amount to be determined at trial.

## Continuation Section 3

**Applicable Legal Authority / Statement of Claim:**

Because FDC Honolulu is situated within the geographical boundaries of the State of Hawaii and because all of the acts, actions, and/or omissions occurred therein – Hawaii law is controlling.

The BOP as an agency of the United States, may be sued under the FTCA, as if it were a private person and/or entity, for violation of laws of the State of Hawaii. See: *28 U.S.C. §1346(b)*.

The United States is properly substituted as the defendant in place of the BOP and Officer Salazar pursuant to 28 U.S.C. §2679(d)(1).

BOP Program Statement 1320.06, dated April 1, 2003, provides that: "Appropriate compensation will be made under the Federal Tort Claims Act if individuals suffer proven monetary loss, personal injury, or wrongful death caused by an employee's negligent or wrongful act or omission, while the employee is acting within the scope of his or her employment." See: *United States Department of Justice, Program Statement, Federal Tort Claims Act, 1302.06, last revised August 1, 2003*.

Officer Salazar, at all relevant times, was acting within the scope of his employment with the BOP. As such, the United States is properly substituted as the defendant in place of Salazar.

Prior to bringing this action, Agustin administratively exhausted his FTCA claims against the BOP and received a final denial dated September 23, 2021 but not mailed until September 28, 2021. Agustin brought this action within six months of receiving the BOP's final denial. In his administrative FTCA request, Agustin requested compensation from the United States because of the negligent and/or wrongful acts of their employee Officer Salazar, and/or their agency the BOP, which caused him an injury greater than that which is *de minimis*.

The United States failed in their duty to protect Agustin, leading to him being intentionally deprived of the securities, rights, privileges, liberties, and immunities secured by the Hawaii Constitution; including Agustin's right to be free from cruel and unusual punishment, as set forth in Section I, Article 12 of the Hawaii Constitution.

## Continuation Section 4

The physical injuries include but are not necessarily limited to: 1) bruising to the face and chin; 2) swelling in and around the neck; 3) severe headaches occurring in the time since The Assault; 4) back pain occurring in the time since The Assault; and 5) moderate nerve damage occurring to the right side of body from neck down to lower back.

As a result of being subjected to cruel and unusual punishment, as described herein and as defined under Hawaii law, Agustin is entitled to receive compensatory and/or exemplary damages, against the United States – as authorized under the FTCA, in an amount to be determined at trial.

## Continuation Section 5

findings to the United States Attorney and/or outside law enforcement agencies. After explaining what Officer Salazar had done during The Assault, and after reviewing the security footage, Lt. Soles assured Agustin that he would investigate Officer Salazar's actions and ensure that he would no longer hurt any other inmates. Shortly after the meeting with Lt. Soles, Agustin was transferred to another BOP facility. However, based upon Agustin's informed belief Officer Salazar was in no way disciplined for his acts and/or actions.

Indeed, the BOP was so disinterested in reviewing the facts relating to The Assault, and Officer Salazar's acts and/or actions, that they did not even bother to correctly identify the location of The Assault in their letter denying Agustin's Tort Claim request. Specifically, the BOP stated that The Assault occurred at "Federal Correctional Institution, Sheridan, Oregon" – which it certainly did not.

The BOP has a pattern and practice of not only failing to discipline but rewarding – corrections officers that assault inmates. Indeed, the current deputy director of the BOP's

Western Regional Office, which includes FDC Honolulu, admitted to being "a member of a violent, racist gang of guards called 'The Cowboys'" who beat inmates. See: *Sisak, Michael, AP Investigation: Prison Boss Beat Inmates, Climbed Ranks, December 9, 2022, https://www.apnews.com/article.* According to an Associated Press investigation, the BOP knew of multiple beatings as early as 1996 and still promoted the employee at least nine times. See: *Id.*

**Applicable Legal Authority / Statement of Claim:**

Because FDC Honolulu is situated within the geographical boundaries of the State of Hawaii and because all of the acts, actions, and/or omissions occurred therein – Hawaii law is controlling.

The BOP as an agency of the United States, may be sued under the FTCA, as if it were a private person and/or entity, for violation of laws of the State of Hawaii. See: *28 U.S.C. §1346(b).*

The United States is properly substituted as the defendant in place of the BOP and Officer Salazar pursuant to 28 U.S.C. §2679(d)(1).

BOP Program Statement 1320.06, dated April 1, 2003, provides that: "Appropriate compensation will be made under the Federal Tort Claims Act if individuals suffer proven monetary loss, personal injury, or wrongful death caused by an employee's negligent or wrongful act or omission, while the employee is acting within the scope of his or her employment." See: *United States Department of Justice, Program Statement, Federal Tort Claims Act, 1302.06, last revised August 1, 2003.*

Officer Salazar, at all relevant times, was acting within the scope of his employment with the BOP. As such, the United States is properly substituted as the defendant in place of Salazar.

Lt. Soles, at all relevant times, was acting within the scope of his employment with the BOP. As such, the United States is properly substituted as the defendant in place of Lt. Soles.

Prior to bringing this action, Agustin administratively exhausted his FTCA claims against the BOP and received a final denial dated September 23, 2021 but not mailed until September 28, 2021. Agustin brought this action within six months of receiving the BOP's final denial. In his administrative FTCA request, Agustin requested compensation from the United States because of the negligent and/or wrongful acts of their employee's Officer Salazar, Lt. Soles, and/or their agency the BOP, which caused him an injury greater than that which is *de minimis*.

The United States failed to provide humane conditions of confinement for Agustin in violation of the Hawaii Constitution by failing to implement practices, policies, and procedures that would have protected Agustin from The Assault.

The United States failed to properly train and/or supervise their employees relating to an inmate's constitutional right, as defined under the Hawaii Constitution, to be free from cruel and unusual punishment and/or the need to provide adequate medical care to an inmate in-need.  As a consequence of this failure, Agustin suffered physical and emotional pain.

The inadequate training and/or supervision provided by the United States resulted in Officer Salazar and Lt Soles to make a conscious or deliberate choice to follow a course of action from among various alternatives available to them.

The United States failing to investigate and thereafter discipline Officer Salazar, for his acts and/or actions, amounts to their agreement with the Officer Salazar's conduct.

The United States failed in their duty to train, supervise, and investigate, leading to him Agustin being intentionally deprived of the securities, rights, privileges, liberties, and immunities

secured by the Hawaii Constitution; including those set forth in Section I, Article's 5 & 12 of the Hawaii Constitution.

## Continuation Section 6

The physical injuries include but are not necessarily limited to: 1) bruising to the face and chin; 2) swelling in and around the neck; 3) severe headaches occurring in the time since The Assault; 4) back pain occurring in the time since The Assault; and 5) moderate nerve damage occurring to the right side of body from neck down to lower back. Additionally, because of the BOP's pattern and practice of promoting employee's who beat and assault inmates – Agustin continues to live in fear that he will again be encounter and be assaulted by Officer Salazar. This is a very real possibility given the BOP's failure to investigate and discipline employee's accused of assaulting inmates.

As a result of the United States' failure to train, supervise, and/or discipline, as described herein and as defined under Hawaii law, Agustin is entitled to receive compensatory and/or exemplary damages, against the United States – as authorized under the FTCA, in an amount to be determined at trial.

## Continuation Section 7

personal injury, or wrongful death caused by an employee's negligent or wrongful act or omission, while the employee is acting within the scope of his or her employment." See: *United States Department of Justice, Program Statement, Federal Tort Claims Act, 1302.06, last revised August 1, 2003.*

Officer Salazar, at all relevant times, was acting within the scope of his employment with the BOP. As such, the United States is properly substituted as the defendant in place of Salazar.

Lt. Soles, at all relevant times, was acting within the scope of his employment with the BOP. As such, the United States is properly substituted as the defendant in place of Lt. Soles.

Prior to bringing this action, Agustin administratively exhausted his FTCA claims against the BOP and received a final denial dated September 23, 2021 but not mailed until September 28, 2021. Agustin brought this action within six months of receiving the BOP's final denial. In his administrative FTCA request, Agustin requested compensation from the United States because of the negligent and/or wrongful acts of their employee's Officer Salazar, Lt. Soles, and/or their agency the BOP, which caused him an injury greater than that which is *de minimis*.

Defendant United States, which at all relevant times employed Officer Salazar and Lt. Soles, failed to properly screen, hire train and/or supervise their employees and guards – these failures created a direct causation to The Assault and the failure to properly investigate The Assault after it occurred.

Defendant United States, which at all relevant times employed Officer Salazar and Lt. Soles, failed to provide policies and procedures that ensure the safety of inmates under their care and control. This includes, but is not necessarily limited to, the need to provide medical care for injured inmates.

Defendant United States, which at all relevant times employed Officer Salazar and Lt. Soles, failed to provide policies and procedures that ensure the safety of inmates under their care and control. This includes, but is not necessarily limited to, the need to report allegations of sexual assault.

Defendant United States, which at all relevant times employed Officer Salazar and Lt. Soles, failed to provide policies and procedures that ensure the safety of inmates under their care

and control. This includes, but is not necessarily limited to, the need to keep inmates records confidential and not redisclose personal inmate information to other inmates.

Defendant United States, which at all relevant times employed Officer Salazar and Lt. Soles, failed to provide policies and procedures that ensure the safety of inmates under their care and control. This includes, but is not necessarily limited to, the need to actively monitor security cameras to ensure inmate safety.

Defendant United States, which at all relevant times employed Officer Salazar and Lt. Soles, failed to provide policies and procedures that ensure the safety of inmates under their care and control. This includes, but is not necessarily limited to, the need of employees to request assistance when entering an inmate's cell.

Defendant United States, which at all relevant times employed Officer Salazar and Lt. Soles, failed to provide policies and procedures that ensure the safety of inmates under their care and control. This includes, but is not necessarily limited to, the need to investigate an employee and/or prospective employee's background prior to hiring them and/or placing them in a specific housing unit.

## Continuation Section 8

The physical injuries include but are not necessarily limited to: 1) bruising to the face and chin; 2) swelling in and around the neck; 3) severe headaches occurring in the time since The Assault; 4) back pain occurring in the time since The Assault; and 5) moderate nerve damage occurring to the right side of body from neck down to lower back.

As a result of the United States' negligence and/or per se negligence, as described herein and as defined under Hawaii law, Agustin is entitled to receive compensatory and/or exemplary

damages, against the United States – as authorized under the FTCA, in an amount to be determined at trial.

## Continuation Section 9

personal injury, or wrongful death caused by an employee's negligent or wrongful act or omission, while the employee is acting within the scope of his or her employment." See: *United States Department of Justice, Program Statement, Federal Tort Claims Act, 1302.06, last revised August 1, 2003.*

Officer Salazar, at all relevant times, was acting within the scope of his employment with the BOP. As such, the United States is properly substituted as the defendant in place of Salazar.

Lt. Soles, at all relevant times, was acting within the scope of his employment with the BOP. As such, the United States is properly substituted as the defendant in place of Lt. Soles.

Prior to bringing this action, Agustin administratively exhausted his FTCA claims against the BOP and received a final denial dated September 23, 2021 but not mailed until September 28, 2021. Agustin brought this action within six months of receiving the BOP's final denial. In his administrative FTCA request, Agustin requested compensation from the United States because of the negligent and/or wrongful acts of their employee's Officer Salazar, Lt. Soles, and/or their agency the BOP, which caused him an injury greater than that which is *de minimis.*

Article I, Section 8, of the Hawaii Constitution is identical to the Eighth Amendment to the United States Constitution. See e.g.: *Office of the Public Defender v. Connors SCPW-20-0000200 at *18 (Haw. June 8, 2020).* As such, the protections provided under Article I, Section 8 of the Hawaii Constitution are the same as those provided under the Eighth Amendment to the United States Constitution.

As explained by the United States Supreme Court "being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." See: *Farmer v. Brennan*, *511 U.S. 825, 834 (1994)*.

A prison official violates the Eighth Amendment if: "1) the alleged deprivation is objectively, sufficiently serious, meaning the inmate is incarcerated under conditions posing a substantial risk of serious harm, and (2) the prison official acted with deliberate indifference, meaning the official knew of and disregarded an excessive risk to the inmate's safety." See e.g.: *Allen v. Zavaras*, *430 Fed. App'x, 709, 711 (10th Cir. 2008)*.

Defendant United States owed a duty of care to Agustin as a committed person in its custody. See: *Upchurch v. State*, *51 Haw. 150, 152 (explaining that under Hawaii law prison officials have a duty to "protect inmates' health and safety")*.

Defendant United States ignored its duty to protect Agustin from sustaining the injuries he received during The Assault.

Defendant United States, by and through its agency BOP, has a pattern and practice of ignoring its duty to protect those in its custody; and in fact, rewards those employees that beat and attack inmates with promotions.

Defendant United States ignored its duty to protect Agustin by failing to, among other things, maintain a safe and secure environment.

Defendant United States ignored its duty to protect Agustin by failing to, among other things, actively monitor security cameras located in FDC Honolulu.

Defendant United States ignored its duty to protect Agustin by failing to, among other things, adequately hire, train, and supervise its employees and/or prospective employees.

## Continuation Section 10

The physical injuries include but are not necessarily limited to: 1) bruising to the face and chin; 2) swelling in and around the neck; 3) severe headaches occurring in the time since The Assault; 4) back pain occurring in the time since The Assault; and 5) moderate nerve damage occurring to the right side of body from neck down to lower back.

As a result of the United States' failure to protect Agustin, as described herein and as defined under Hawaii law, Agustin is entitled to receive compensatory and/or exemplary damages, against the United States – as authorized under the FTCA, in an amount to be determined at trial.

## Continuation Section 11

As a direct consequence of Officer Salazar's acts and/or actions, which were committed with a complete and utter disregard to Agustin's Constitutional Right under the Eighth Amendment to be free from cruel and unusual punishment, Agustin suffered significant and lasting injuries.

## Continuation Section 12

psychological trauma, emotional distress. The physical injuries include but are not necessarily limited to: 1) bruising to the face and chin; 2) swelling in and around the neck; 3) severe headaches occurring in the time since The Assault; 4) back pain occurring in the time since The Assault; and 5) moderate nerve damage occurring to the right side of body from neck down to lower back.

As a result of Officer Salazar's acts and/or actions, which constitute excessive force and/or cruel and unusual punishment as defined under the Eighth Amendment to the United States' Constitution, Agustin is entitled to receive compensatory and/or exemplary damages,

against the United States – as authorized by the Supreme Court by way of their decision in

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* *403 U.S. 388 (1971).*

## Continuation Section 13

**Applicable Legal Authority / Statement of Claim:**

Because FDC Honolulu is situated within the geographical boundaries of the State of

Hawaii and because all of the acts, actions, and/or omissions occurred therein – Hawaii law is

controlling.

The BOP as an agency of the United States, may be sued under the FTCA, as if it were a

private person and/or entity, for violation of laws of the State of Hawaii. See: *28 U.S.C.*

*§1346(b).*

The United States is properly substituted as the defendant in place of the BOP and

Officer Salazar pursuant to 28 U.S.C. §2679(d)(1).

BOP Program Statement 1320.06, dated April 1, 2003, provides that: "Appropriate

compensation will be made under the Federal Tort Claims Act if individuals suffer proven

monetary loss, personal injury, or wrongful death caused by an employee's negligent or

wrongful act or omission, while the employee is acting within the scope of his or her

employment." See: *United States Department of Justice, Program Statement, Federal Tort*

*Claims Act, 1302.06, last revised August 1, 2003.*

Officer Salazar, at all relevant times, was acting within the scope of his employment with

the BOP and/or only had access to Agustin's personal records as a result of his employment with

the BOP. As such, the United States is properly substituted as the defendant in place of Salazar.

Prior to bringing this action, Agustin administratively exhausted his FTCA claims against

the BOP and received a final denial dated September 23, 2021 but not mailed until September

28, 2021. Agustin brought this action within six months of receiving the BOP's final denial. In his administrative FTCA request, Agustin requested compensation from the United States, in part, because of the negligent and/or wrongful acts of their employee Officer Salazar which caused him an injury greater than that which is *de minimis*.

Officer Salazar, acting within the course and scope of his employment with the BOP, engaged in the intentional invasion of Agustin's privacy without any legal justification or provocation.

As it relates to the alternative *Bivens* claim set forth in this Count, Officer Salazar is being sued only in his individual capacity.

As it relates to the alternative *Bivens* claim set forth in this Count, prior to bringing said claim Agustin exhausted all available administrative remedies.

As it relates to the alternative *Bivens* claim set forth in this Court, when Officer Salazar, used his position as a BOP employee, to access Agustin's private and non-public information; and threatened to and/or provided that private information to others, Officer Salazar knowingly and willfully violated the protections afforded Agustin under the Fourth Amendment to the United States Constitution.  That being, his right to be free from an unwarranted invasion of privacy.

Agustin had reasonable expectation of privacy that his personal non-public information would not be access and shared with others – other then that which would be required for legitimate law enforcement purposes.

## **Continuation Section 14**

information was viewed and shared improperly, exposing Agustin to harassment, intimidation, and/or embarrassment.

As a result of the United States' invasion of privacy, as described herein and as defined under Hawaii law, Agustin is entitled to receive compensatory and/or exemplary damages, against the United States – as authorized under the FTCA, in an amount to be determined at trial.

As it relates to the alternative *Bivens* claim set forth in this Count, Officer Salazar's acts and/or actions, which constitute an invasion of privacy as defined under the Fourth Amendment to the United States' Constitution, Agustin is entitled to receive compensatory and/or exemplary damages, against the United States – as authorized by the Supreme Court by way of their decision in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)*.