IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUSTIN E. AGUSTIN, #08429-122,<br><br>          Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>          Defendants. | Civ. No. 22-00167 JMS-WRP<br><br>ORDER (1) DISMISSING IN PART THIRD AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 31, AND DIRECTING SERVICE; (2) GRANTING NOTICE AND REQUEST FOR SERVICE BY UNITED STATES MARSHAL, ECF NO. 32; AND (3) DENYING WITHOUT PREJUDICE MOTION REQUESTING ISSUANCE OF SUBPOENA TO THE UNITED STATES FOR PURPOSES OF CONDUCTING LIMITED DISCOVERY, ECF NO. 33 |

**ORDER (1) DISMISSING IN PART THIRD AMENDED PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 31, AND DIRECTING SERVICE; (2) GRANTING NOTICE AND REQUEST FOR SERVICE BY UNITED STATES MARSHAL, ECF NO. 32; AND (3) DENYING WITHOUT PREJUDICE MOTION REQUESTING ISSUANCE OF SUBPOENA TO THE UNITED STATES FOR PURPOSES OF CONDUCTING LIMITED DISCOVERY, ECF NO. 33**

On December 22, 2022, the court received pro se Plaintiff Justin E. Agustin's ("Agustin") Third Amended Prisoner Civil Rights Complaint ("TAC"), ECF No. 31, against Defendants the United States of America, the Federal Bureau of Prisons ("BOP"), and Correctional Officer Salazar ("CO Salazar"), asserting claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346,

2671–2680, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The *Bivens* claims are based on Agustin's allegations that CO Salazar violated his federal constitutional rights at the Federal Detention Center in Honolulu, Hawaii ("FDC Honolulu")[1] by using excessive force (Count VI) and invading his privacy (Count VII).  *Id*. at PageID.117–118.  The FTCA claims against the United States are based on an alleged assault and battery (Count I), violations of the Hawaii Constitution (Counts II, III, V), negligence (Count IV), and a violation of Ohio law (Count VII).

After conducting the required screening pursuant to 28 U.S.C. § 1915A(a), the court concludes that Agustin's excessive force and invasion of privacy claims under *Bivens* against CO Salazar in his individual capacity require a response.  In addition, Agustin states plausible FTCA claims based on assault and battery, and negligence theories.  These claims also require a response.  Agustin's remaining claims are DISMISSED for the reasons set forth below.  Agustin's Notice and Request for Service by United States Marshal, ECF No. 32, is GRANTED.  His Motion Requesting Issuance of Subpoena to the United States for the Purposes of Conducting Limited Discovery, ECF No. 33, is DENIED without prejudice.

---

[1] Agustin is currently incarcerated at the United States Penitentiary in Atwater, California.  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "08429-122" in "Number" field; and select "Search") (last visited Jan. 11, 2023).

# I. **STATUTORY SCREENING**

Pursuant to 28 U.S.C. § 1915A(a), the court is required to screen all civil actions filed by prisoners seeking redress from a government entity or an officer or employee of a government entity. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). During screening, the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks damages from defendants who are immune from suit. *See* 28 U.S.C. § 1915A(b); *Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018). "If the . . . court determines that any of these grounds is satisfied, it must dismiss the case, and enter a 'strike' against the plaintiff prisoner." *Byrd*, 885 F.3d. at 641.

Failure to state a claim under 28 U.S.C. § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (citation omitted). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

During screening, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). When it is clear a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[2]

On or about September 8, 2018, CO Salazar asked Agustin if he was cooperating in an ongoing Drug Enforcement Administration ("DEA") investigation involving "Halawa Housing." ECF No. 31 at PageID.120. On the same day, CO Salazar accused Agustin of cooperating in an investigation of Adam Bogema ("Bogema"), another inmate at FDC Honolulu. *Id.* CO Salazar also accused Agustin of robbing at gunpoint an acquaintance of CO Salazar. *Id.*

Later the same day, CO Salazar entered Agustin's cell and punched Agustin's chin and jaw "several times," allegedly "without provocation." *Id.* at PageID.112. CO Salazar then grabbed with one hand Agustin's neck and held it against a metal desk. *Id.* CO Salazar reached with his other hand down the back

---

[2] Agustin's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

of Agustin's pants and touched his buttocks "in a suggestive and/or sexual manner." *Id.* While doing this, CO Salazar told Agustin, "I have people in the mainland, you are going to get stabbed up and your ass fucked." *Id.* After the incident, Agustin experienced bruising to his face and chin, swelling of and around his neck, severe headaches, and moderate nerve damage. *Id.* at PageID.122.

At some point after the incident, CO Salazar accessed on BOP computers or in BOP files "contact information" for Agustin's "family," and "private non-public information relating to [Agustin's] criminal prosecution." *Id.* at PageID.118. CO Salazar later told Agustin, "[I] gave your people[']s information to [Bogema] you rat bitch." *Id.* at PageID.112.

Agustin commenced this action by filing the original Complaint in the United States District Court for the Eastern District of California. ECF No. 1. In the original Complaint, Agustin named the United States of America as a Defendant and asserted claims under the FTCA. *Id.* at PageID.1. Before the court had an opportunity to screen the original Complaint, Agustin filed a First Amended Complaint ("FAC"). ECF No. 5. In the FAC, Agustin asserted claims under the FTCA and the Prison Rape Elimination Act ("PREA"). *Id.* at PageID.26.

A magistrate judge in the Eastern District of California transferred Agustin's case to this district on April 13, 2022. ECF No. 9. The court received from Agustin the required fees on May 18, 2022. ECF No. 16.

On July 7, 2022, the court issued an Order Dismissing in Part First Amended Prisoner Civil Rights Complaint, ECF No. 5, with Partial Leave to Amend.  ECF No. 17.  The court explained that the only proper defendant in an action brought under the FTCA is the United States.  *Id*. at PageID.26.  To the extent Agustin sought to pursue claims under the FTCA against individual officers, those claims were dismissed with prejudice.  *Id*. at PageID.26–27.  The court next explained that Agustin could not pursue claims based on the PREA because the FTCA waives sovereign immunity only for tortious violations of a duty imposed by state law, not federal law.  *Id*.  The court concluded that the FAC stated plausible FTCA claims for assault and battery based on CO Salazar's conduct, but otherwise failed to state a claim.  *Id*. at PageID.28–32.  The court instructed Agustin that he could either file an amended pleading or notify the court that he wanted to proceed with his assault and battery claims.  *Id*. at PageID.32–33.

The court received the SAC on August 22, 2022.  ECF No. 20.  In the SAC, Agustin did not rename the United States as a Defendant.  Instead, Agustin included only CO Salazar's name in the caption and body of the SAC.  *Id*. at PageID.40.  Agustin alleged, among other things, that CO Salazar violated his rights under the First, Fourth, and Eighth Amendments.  *Id*. at PageID.44–49.  On September 14, 2022, the court issued an Order Dismissing in Part Second

Amended Prisoner Civil Rights Complaint, ECF No. 20, and Directing Service. ECF No. 21.

Prior to serving the SAC, Agustin filed a motion seeking leave to file another amended pleading, ECF No. 27, and the court granted that motion, ECF No. 29. The court received the TAC on December 22, 2022. ECF No. 31. In the TAC, Agustin names as Defendants the United States of America, the BOP, and CO Salazar. *Id.* at PageID.108. Agustin alleges that CO Salazar violated his federal constitutional rights by using excessive force (Count VI) and invading his privacy (Count VII). *Id.* at PageID.117–118. Agustin also asserts FTCA claims based on an alleged assault and battery (Count I), violations of the Hawaii Constitution (Counts II, III, V), negligence (Count IV), and a violation of Ohio law (Count VII). Agustin seeks unspecified damages. *Id.* at PageID.119.

## III. <u>DISCUSSION</u>

### A. FTCA Claims

The FTCA generally waives the United States' sovereign immunity and permits tort suits for damages against the government "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; *Esquivel v. United States*, 21 F.4th 565, 572–73 (9th Cir. 2021). Specifically, the FTCA grants district courts jurisdiction over civil actions for money damages for negligent or wrongful acts or omissions of government

employees acting in the scope of employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[3]  28 U.S.C. § 1346(b)(1); *Esquivel*, 21 F.4th at 572–73.

The only proper defendant in an action brought under the FTCA is the United States.[4]  *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("[T]he United States is the only proper party defendant in an FTCA action."); *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").

---

[3] "The FTCA requires administrative exhaustion and sets time limits for both exhaustion and the filing of a lawsuit." *Booth v. United States*, 914 F.3d 1199, 1202 (9th Cir. 2019).  The Supreme Court has held that these "time bars are nonjurisdictional and subject to equitable tolling." *United States v. Wong*, 575 U.S. 402, 420 (2015).  "The time limitations in § 2401(b) thus constitute an affirmative defense, which the defendant must plead and prove." *Coward v. United States*, 2017 WL 3484154, at *4 (D. Haw. Aug. 14, 2017).  At this point, it is not apparent when Agustin submitted his administrative claim to the BOP. *See* ECF No. 31 at PageID.122.  According to Agustin, the BOP denied the claim on September 23, 2021. *Id.*; *see also* ECF No. 1 at PageID.10.  Agustin signed the original Complaint on March 2, 2022—that is, within six months of denial of his administrative claim. *Id.* at PageID.6.

[4] To the extent Agustin also names the BOP, "[t]he BOP is not a proper defendant in an FTCA action." *Vela v. Fed. Bureau of Prisons*, 2021 WL 4483407, at *4 (C.D. Cal. Aug. 4, 2021), *report and recommendation adopted*, 2021 WL 4478381 (C.D. Cal. Sept. 30, 2021).  Likewise, Agustin may not pursue *Bivens* claims against the BOP. *See Schulze v. Fed. Bureau of Prisons*, 2020 WL 2841882, at *2 (D. Haw. June 1, 2020) ("[Plaintiff] cannot state a colorable *Bivens* claim against the BOP because *Bivens* provides a cause of action against individual officers acting under color of federal law who are alleged to have acted unconstitutionally.").  Any claims against the BOP are therefore DISMISSED with prejudice.

### 1.  Assault and Battery Claims Based on CO Salazar's Conduct

In Count I, Agustin asserts assault and battery claims against the United States.  ECF No. 31 at PageID.112.

In general, intentional torts, including assault and battery, are not cognizable under the FTCA.  28 U.S.C. § 2680(h).  This restriction does not apply, however, "with regard to acts or omissions of investigative or law enforcement officers of the United States Government."  *Id.*  BOP correctional officers are "law enforcement officers" for purposes of 28 U.S.C. § 2680(h).  Thus, assault and battery claims based on actions by BOP correctional officers are cognizable under the FTCA.  *See Millbrook v. United States*, 569 U.S. 50, 54–57 (2013) (concluding that intentionally tortious conduct by BOP correctional officers gave rise to an actionable claim under the FTCA); *see also Bosworth v. United States*, 2014 WL 2931164, at *3 n.5 (C.D. Cal. June 27, 2014) ("The Supreme Court has specifically found that BOP correctional officers may be sued under the FTCA pursuant to section 2680(h)'s 'law enforcement proviso' when acting within the scope of their employment.").

Here, Agustin alleges that CO Salazar punched him several times near his chin and jaw, forcibly held his neck against a metal desk, and reached down the back of his pants and touched his buttocks "in a suggestive and/or sexual manner."  ECF No. 31 at PageID.112.  While doing these things, CO Salazar told Agustin, "I

9

have people in the mainland, you are going to get stabbed up and your ass fucked."
*Id.*  After the incident, Agustin experienced bruising on his face and chin, swelling of his neck, severe headaches, back pain, and moderate nerve damage on the right side of his body from his neck to his lower back.  *Id.* at PageID.122.

Liberally construed, the TAC states plausible claims for assault and battery based on CO Salazar's conduct.  *See Mukaida v. Hawaii*, 159 F. Supp. 2d 1211, 1222–23 (D. Haw. July 12, 2001) (setting forth elements under Hawaii law for assault and battery).  Agustin's claims in Count I may therefore proceed.

## 2.  Negligence Claim

In Count IV, Agustin asserts that prison officials' negligence caused him harm.  ECF No. 31 at PageID.115, PageID.127–29.  To prevail on a negligence claim under Hawaii law, the plaintiff must prove duty, breach of duty, causation, and damages.  *Takayama v. Kaiser Found. Hosp.*, 923 P.2d 903, 915–16 (Haw. 1996).  Title 18, United States Code, Section 4042 "sets out the standard of care owed by the Bureau of Prisons in negligence actions."  *Harper v. Williford*, 96 F.3d 1526, 1528 (D.C. Cir. 1996).  Section 4042 states, among other things, that the BOP shall "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States," and "for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States."  18 U.S.C. § 4042(a)(2)–(3).

Agustin alleges that prison officials were negligent regarding, among other things, the need to monitor security cameras, the need to provide medical care to injured inmates, the need to report allegations of sexual assault, the need to maintain confidential inmate records, and the need to train employees.  ECF No. 31 at PageID.127–29.  Liberally construed, the TAC states a negligence claim that may proceed.

### 3.  Claims Based on the Hawaii Constitution

In Counts II, III, and V, Agustin asserts FTCA claims based on various provisions of the Hawaii Constitution.  ECF No. 31 at PageID.113, PageID.114, PageID.116.  Hawaii courts, however, "have declined to recognize a private cause of action for damages for violations of rights guaranteed under the state constitution."  *Ilae v. Tenn*, 2013 WL 4499386, at *17 (D. Haw. Aug. 20, 2013).  Thus, Agustin's claims based on provisions of the Hawaii Constitution are not actionable under the FTCA.  *See Demoruelle v. United States*, 2015 WL 6478610, at *4–5 (D. Haw. Oct. 26, 2015) (explaining that claim under Hawaii Constitution "is not actionable under the FTCA"); *see also Aubart v. McCarthy*, 2020 WL 1663296, at *5 n.3 (D. Haw. Apr. 3, 2020) ("Hawaii state courts have not expressly recognized an implied right of action under the state constitution, so a claim brought thereunder would still not fall within the scope of the FTCA's

waiver."). Agustin's claims in Counts II, III, and V are therefore DISMISSED with prejudice.

### 4. Claim Based on Ohio Law

Agustin alleges in Count VII that the United States invaded his privacy "as defined under the laws, standards and customs of the State of Ohio." ECF No. 31 at PageID.118. In an FTCA action, however, "the law of the state in which the alleged tort occurred" is the applicable law. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006); *see also Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) ("The FTCA authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" (citation omitted)). All the alleged conduct occurred in Hawaii. Thus, any claim in Count VII based on Ohio law is DISMISSED with prejudice.

## B. *Bivens* Claims

In Counts VI and VII, Agustin asserts *Bivens* claims against CO Salazar. ECF No. 31 at PageID.117–18, PageID.132–35.

### 1. Legal Framework

In *Bivens*, the Supreme Court "recognized for the first time an implied right of action for damages against federal officers alleged to have violated a

citizen's constitutional rights." *Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (per curiam) (internal quotation marks and citation omitted). *Bivens* involved a suit against individual federal agents who violated the Fourth Amendment's prohibition against unreasonable searches and seizures. *See Bivens*, 403 U.S. at 389–90. Since *Bivens*, the Supreme Court has expanded this implied cause of action only twice. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1855 (2017) ("These three cases — *Bivens*, *Davis*, and *Carlson* — represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."); *Davis v. Passman*, 442 U.S. 228 (1979) (suit under the Fifth Amendment's Due Process Clause for gender discrimination by a United States Congressman); *Carlson v. Green*, 446 U.S. 14 (1980) (suit under the Eighth Amendment's Cruel and Unusual Punishment Clause for failure to provide adequate medical treatment by federal prison officials).

The Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). "This is in accord with the Court's observation that it has 'consistently refused to extend *Bivens* to any new context or new category of defendants.'"[5] *Id.* (quoting *Malesko*, 534 U.S. at 68). Indeed, the

---

[5] The Supreme Court declined to create a *Bivens* remedy in the following cases: a First Amendment suit against a federal employer, *see Bush v. Lucas*, 462 U.S. 367 (1983); a race

(continued . . .)

Supreme Court has indicated that "if [the Court] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution." *Egbert*, 142 S. Ct. at 1809.

In deciding whether a *Bivens* remedy is available, courts first consider whether providing such a remedy is precluded by prior cases in which the Supreme Court or the Ninth Circuit has declined to recognize an implied right of action. *See Lanuza v. Love*, 899 F.3d 1019, 1025 (9th Cir. 2018). If a claim is precluded, that is the end of the matter. If a claim is not precluded, courts then apply a two-step test.

At step one, courts determine whether a plaintiff is seeking a *Bivens* remedy in a new context. *See Ioane v. Hodges*, 939 F.3d 945, 951 (9th Cir. 2018). The context is new "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Abbasi*, 137 S. Ct. at 1859. If the

---

discrimination suit against military officers, *see Chappell v. Wallace*, 462 U.S. 296 (1983); a substantive due process suit against military officers, *see United States v. Stanley*, 483 U.S. 669 (1987); a procedural due process suit against Social Security officials, *see Schweiker v. Chilicky*, 487 U.S. 412 (1988); a procedural due process suit against a federal agency for wrongful termination, *see FDIC v. Meyer*, 510 U.S. 471 (1994); an Eighth Amendment suit against a private halfway house operator under contract with the BOP, *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61 (2001); a claim of retaliation by Bureau of Land Management officials against plaintiff for his exercise of Fifth Amendment property rights, *see Wilkie v. Robbins*, 551 U.S. 537 (2007); a suit under the Fifth, Eighth, and Fourteenth Amendments against United States Public Health Service personnel, *see Hui v. Castaneda*, 559 U.S. 799 (2010); an Eighth Amendment suit against prison guards at a private prison, *see Minneci v. Pollard*, 565 U.S. 118 (2012); a Fifth Amendment suit against Department of Justice officials, *see Abbasi*, 137 S. Ct. 1843; a Fourth and Fifth Amendment suit against a United States Border Patrol agent, *Hernandez v. Mesa*, 140 S. Ct. 739 (2020); and a First and Fourth Amendment suit against a United States Border Patrol Agent, *Egbert v. Boule*, 142 S. Ct. 1793 (2022).

plaintiff is seeking a *Bivens* remedy in a new context, then courts proceed to the second step.

At step two, courts may extend *Bivens* only if two conditions are met. First, "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'" *Egbert*, 142 S. Ct. at 1804 (citations omitted)). "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* at 1807. "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* at 1803. "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* Although the Supreme Court has yet to define the term, "special factors," it has explained that "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857–58.

The Supreme Court has stated that the two-step test often reduces to a single question: "whether there is *any* rational reason (even one) to think that

*Congress* is better suited to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 142 S. Ct. at 1805.  "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Id.* at 1803 (citation omitted).  "Put another way, 'the most important question is who should decide whether to provide for a damages remedy, Congress or the courts?'" *Id.* (citation omitted).  "If there is a rational reason to think that the answer is 'Congress'—as it will be in most every case, no *Bivens* action may lie." *Id.* (citation omitted).  Thus, "if there is any reason to think that 'judicial intrusion' into a given field might be 'harmful' or 'inappropriate,'" or "even if there is the '*potential'* for such consequences, a court cannot afford a plaintiff a *Bivens* remedy." *Id.* at 1805 (citation omitted).

## 2.  Official Capacity Claims Under *Bivens*

Agustin names CO Salazar in both his individual and official capacities.  *See* ECF No. 31 at PageID.109.

"A *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity."  *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (internal quotation marks, brackets, and citation omitted).  "This is because a Bivens suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which

would be barred by the doctrine of sovereign immunity." *Id.* (citation omitted).

Thus, "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor

in his or her official capacity." *Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir.

2016) (internal quotation marks and citation omitted).

Any *Bivens* claims against CO Salazar in his official capacity are

therefore DISMISSED with prejudice.

### 3.  Eighth Amendment

Agustin alleges in Count VI that CO Salazar violated the Eighth

Amendment by using excessive force.  ECF No. 31 at PageID.117.

"In its prohibition of 'cruel and unusual punishments,' the Eighth

Amendment places restraints on prison officials, who may not, for example, use

excessive physical force against prisoners."  *Farmer v. Brennan*, 511 U.S. 825,

832 (1994).  "[W]henever prison officials stand accused of using excessive

physical force in violation of the Cruel and Unusual Punishments Clause, the core

judicial inquiry is . . . whether force was applied in a good-faith effort to maintain

or restore discipline, or maliciously and sadistically to cause harm."  *Hudson v.*

*McMillian*, 503 U.S. 1, 6 (1992).

The Supreme Court has not expressly held that a *Bivens* remedy exists

for an Eighth Amendment excessive force claim.  *See Sutter v. United States*, 2019

WL 1841905, at *7 (C.D. Cal. Mar. 12, 2019).  The court declines to decide,

however, whether "special factors" caution against extending *Bivens* to Agustin's excessive force claim during screening pursuant to 28 U.S.C. § 1915A(a) without briefing by the parties upon either a motion to dismiss or for summary judgment. *See Williams v. Kobayashi*, 2018 WL 5258614, at *7 (D. Haw. Oct. 22, 2018).

According to Agustin, CO Salazar punched him several times near his chin and jaw, forcibly held his neck against a metal desk, and reached down the back of his pants and touched his buttocks "in a suggestive and/or sexual manner." ECF No. 31 at PageID.112.  Agustin alleges that CO Salazar did these things "without provocation."  *Id.*  At this point, Agustin's excessive force claim in Count VI against CO Salazar in his individual capacity may proceed.

### 4. Fourth Amendment

Agustin alleges in Count VII that CO Salazar violated the Fourth Amendment by obtaining from BOP computers and files "contact information" for his "family" and "private non-public information relating to [Agustin's] criminal prosecution," and disclosing this information to another inmate.  ECF No. 31 at PageID.118, PageID.134–35.

The Fourth Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]"  U.S. Const. amend. IV.  In *Bivens*, the Supreme Court recognized an implied right of action under the Fourth Amendment

where agents of the Federal Bureau of Narcotics entered Bivens' apartment and arrested him for alleged narcotics violations. 403 U.S. at 389. Once again, the court declines to decide at screening whether "special factors" caution against extending *Bivens* to Agustin's claim based on a prison official allegedly accessing BOP computers and files, and disclosing this information to another inmate. *See Williams*, 2018 WL 5258614, at *7. CO Salazar must therefore respond to Agustin's Fourth Amendment claim in Count VII.

## IV.  <u>CONCLUSION</u>

(1)  Agustin's claims against the Bureau of Prisons are DISMISSED with prejudice.

(2)  Agustin's FTCA claims in Counts II, III, and V based on the Hawaii Constitution, and his FTCA claims in Count VII based on Ohio law are DISMISSED with prejudice.

(3)  Agustin's FTCA claims in Counts I and IV for assault and battery and negligence, respectively, may proceed.

(4)  Agustin's *Bivens* claims in VI and VII for excessive force and invasion of privacy, respectively, may proceed.

(5)  The United States Marshal is ORDERED to serve the TAC, ECF No. 31, and a summons on Defendants Correctional Officer Salazar and the United States, as directed by Agustin, according to the requirements of Federal Rule of

Civil Procedure 4(i).  After service is perfected, Defendants shall file a responsive

pleading within the time allowed under Fed. R. Civ. P. 12.

(6)  Agustin's Notice and Request for Service by United States

Marshal, ECF No. 32, is GRANTED.

(7)  Agustin's Motion Requesting Issuance of Subpoena to the United

States for the Purposes of Conducting Limited Discovery, ECF No. 33, is DENIED

without prejudice.

## V. <u>SERVICE ORDER</u>

IT IS HEREBY ORDERED:

(1)  For Defendant Correctional Officer Salazar, the Clerk is directed

to send to Plaintiff:  one copy of the TAC, ECF No. 31; one completed summons;

one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of

Summons form (AO 398); two Waiver of Service of Summons forms (AO 399);

and an instruction sheet.

(2)  For the United States, *see* Fed. R. Civ. P. 4(i)(1), the Clerk is

directed to send to Plaintiff two additional copies of the TAC, ECF No. 31; two

completed summonses; and two USM-285 forms.

(3)  The Clerk shall also send a copy of this Order to the U.S. Marshal

at P.O. Box 50184, Honolulu, HI 96850.

(4)  For Defendant Correctional Officer Salazar, Plaintiff shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii:  a completed USM-285 form; a copy of the TAC, ECF No. 31; the completed summons; a completed Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); and two completed Waiver of Service of Summons forms (AO 399).  The Federal Detention Center's mailing address is Federal Detention Center, P.O. Box 30547, Honolulu, HI 96820, and its physical address is 351 Elliott Street, Honolulu, HI 96819.

(5)  For the United States, Plaintiff shall complete the forms as directed and submit to the U.S. Marshal: two completed USM-285 forms; two copies each of the TAC, ECF No. 31; and the two completed summonses.  The mailing address for the United States Attorney's Office for the District of Hawaii is 300 Ala Moana Boulevard, #6-100, Honolulu, HI 96850.  The mailing address for the United States Attorney General is U.S. Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530.

(6)  Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to Defendant Correctional Officer Salazar:  a copy of the TAC, ECF No. 31; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs.  *See* Fed. R. Civ. P. 4(c)(3).  The

U.S. Marshal shall deliver a copy of the completed summons, the TAC, ECF No.

31, to the United States Attorney for the District of Hawaii and the Attorney

General of the United States as directed by Plaintiff without payment of costs.

       (7)  For Defendant Correctional Officer Salazar, the U.S. Marshal

shall retain the completed summons and a copy of the TAC, ECF No. 31.  The U.S.

Marshal shall file a returned Waiver of Service of Summons form as well as any

Waiver of Service of Summons form that is returned as undeliverable, as soon as it

is received.

       (8)  If Defendant Correctional Officer Salazar does not return a

Waiver of Service of Summons form within sixty days from the date that such

forms are mailed, the U.S. Marshal shall:

       a.  Personally serve such Defendant pursuant to Federal Rule of

Civil Procedure 4 and 28 U.S.C. § 566(c).

       b.  Within ten days after personal service is effected, file the

return of service for such Defendant, along with evidence of any attempts to secure

a waiver of service of summons and of the costs subsequently incurred in effecting

service.  Said costs shall be enumerated on the USM-285 form and shall include

the costs incurred by the U.S. Marshal's office in photocopying additional copies

of the summons, the TAC, and for preparing new USM-285 forms, if required.

Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

(9)  Plaintiff is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

(10)  Defendants shall file responsive pleadings to the TAC, ECF No. 31, within the time set forth in Federal Rule of Civil Procedure 12.

(11)  Plaintiff shall inform the court of any change of address by filing a "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information about the change of address and its effective date and shall not include requests for other relief.  Failure to file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(12)  After the TAC, ECF No. 31, is served and Defendants have filed an answer or responsive pleading, Plaintiff's documents are deemed served when they are electronically filed by the court.  The United States Marshal is not responsible for serving these documents on Plaintiff's behalf.

\\

\\

\\

\\

(13)  Until the TAC, ECF No. 31, is served and Defendants or their attorneys file a notice of appearance, Plaintiff SHALL NOT FILE MOTIONS OR OTHER DOCUMENTS with the court.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 11, 2023.



/s/ J. Michael Seabright

J. Michael Seabright
United States District Judge

*Agustin v. United States of America*, Civ. No. 22-00167 JMS-WRP, Order (1) Dismissing in Part Third Amended Prisoner Civil Rights Complaint, ECF No. 31, and Directing Service; (2) Granting Notice and Request for Service by United States Marshal, ECF No. 32; and (3) Denying without prejudice Motion Requesting Issuance of Subpoena to the United States for Purposes of Conducting Limited Discovery, ECF No. 33