IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUSTIN E. AGUSTIN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | CIV. NO. 22-00167 JMS-WRP<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ALL CLAIMS AGAINST DEFENDANT CORRECTIONAL OFFICER SALAZAR |

FINDINGS AND RECOMMENDATION TO DISMISS ALL CLAIMS
AGAINST DEFENDANT CORRECTIONAL OFFICER SALAZAR

After Plaintiff Justin E. Agustin filed the Complaint and First Amended Complaint in the Eastern District of California on March 9, 2022, the case was transferred to this Court. See Complaint, ECF No 1; Notice of Case Assignment, ECF No. 11. On July 7, 2022, this Court dismissed the First Amended Complaint with leave to amend. See Order Dismissing First Amended Complaint, ECF No. 17. Plaintiff thereafter filed a Second Amended Complaint against Defendant "Correctional Officer Salazar" (CO Salazar), which the Court dismissed in part and directed service of the surviving claims. See Order Dismissing In Part Second Amended Complaint, ECF No. 21.

On November 16, 2022, the Court granted Plaintiff thirty days to conduct early discovery to determine the name and address of CO Salazar. See

Minute order, ECF No. 30. The Court also granted Plaintiff's request to file a third amended complaint. See Minute Order, ECF No. 29. On December 22, 2022, Plaintiff filed the Third Amended Complaint (TAC), which named three Defendants: the United States of America, the Federal Bureau of Prisons, and CO Salazar. See id.

On January 11, 2023, the Court dismissed Defendant Federal Bureau of Prisons and directed service by the U.S. Marshal of the TAC on Defendants United States and CO Salazar. See Order Dismissing In Part Third Amended Complaint, ECF No. 34. The United States filed a motion to dismiss on September 11, 2023,[1] see ECF No. 54, but CO Salazar remains unserved.

The Court has exhausted its efforts in assisting Plaintiff with service of CO Salazar. On July 12, 2023, the Court directed Warden Derr to provide CO Salazar's last known address to the Court under seal. See Minute Order, ECF No. 43. The Clerk's Office thereafter provided such information to the U.S. Marshal to serve CO Salazar, but service of CO Salazar by mail and in person at his last known address was unsuccessful. See Summons Returned Unexecuted, ECF Nos. 51 and 52 (sealed).

On September 14, 2023, the Court ordered Plaintiff to show good

---

[1] On February 8, 2024, for administrative reasons and because issues concerning the service of CO Salazar were pending, the Court deemed this motion withdrawn without prejudice. See Minute Order, ECF No. 66.

cause why CO Salazar should not be dismissed for failure to serve him.  <u>See</u> Minute Order dated 9/14/2023.  In response, Plaintiff filed a status report explaining that he retained a third-party process server who searched public records in an effort to serve CO Salazar.  <u>See</u> Plf's Status Report, ECF No. 62.  The Court thereafter discharged the order to show cause and directed Plaintiff to file a status report by December 29, 2023 detailing his efforts to serve CO Salazar.  <u>See</u> Minute Order, ECF No. 63.  The Court also granted Plaintiff an extension of time to serve CO Salazar to January 31, 2024.  <u>See</u> <u>id.</u>

On January 2 and March 4, 2024, Plaintiff notified the Court that his process server attempted to serve CO Salazar, who had refused service.  <u>See</u> Plf's Status Report, ECF Nos. 64, 69.  On March 6, 2024, the Court extended the service deadline to May 4, 2024, and later directed Plaintiff to serve CO Salazar by mail.  <u>See</u> Minute Order, ECF No. 70, 72.  When Plaintiff had not filed a proof of service, the Court requested a status report from Plaintiff regarding his efforts to serve by mail.  <u>See</u> Minute Order, ECF No. 73.  Upon review of Plaintiff's response, ECF No. 74, the Court granted Plaintiff's request to serve CO Salazar by publication and directed Plaintiff to file information to serve CO Salazar by publication, including a proposed summons.  <u>See</u> Minute Order, ECF No. 75.  Plaintiff has not filed the required information or a proposed summons, which were due on June 7, 2024.

Notwithstanding the Court's attempt to assist with service of CO Salazar, he remains unserved. The Court has extended the deadline to serve CO Salazar several times and the latest deadline of May 4, 2024 has expired. The Court also granted Plaintiff's request to serve by publication, but Plaintiff has not submitted the required information and proposed summons to serve CO Salazar by publication.

Under FRCP Rule 4(m), a plaintiff must serve a defendant within 90 days after the complaint is filed. See Connolly, 2019 WL 5386457, at *4; Fed. R. Civ. P. 4(m) (applying Rule 4(m) to removed actions and stating that a plaintiff has 90 days after the notice of removal is filed to serve the defendant). If a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. See Fed. R. Civ. P. 4(m).

To determine whether to dismiss a case for lack of prosecution or failure to comply with a court order, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the

disposition of cases on their merits.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

This case has been pending for more than two years.  The Court FINDS that Plaintiff failed to serve CO Salazar even with multiple extensions, Plaintiff failed to submit information required to serve CO Salazar by publication, and the above factors weigh in favor of dismissal notwithstanding the policy favoring disposition of cases on their merits.  Consequently, the Court FINDS AND RECOMMENDS that all claims against Defendant CO Salazar be dismissed without prejudice.[2]

## CONCLUSION

For the reasons stated herein, the Court FINDS AND RECOMMENDS all claims against Defendant CO Salazar be dismissed without prejudice.

---

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, July 1, 2024.



Wes Reber Porter
United States Magistrate Judge

Agustin v. United States of America, et al.; CIVIL NO. 22-00167 JMS-WRP; FINDINGS AND RECOMMENDATION TO DISMISS ALL CLAIMS AGAINST DEFENDANT CORRECTIONAL OFFICER SALAZAR.